UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Nathaniel J. Hudson,

    Plaintiff,

v.

                          Civil Case No. 21-11732

City of Allen Park, *et al.*,         Sean F. Cox
                                              United States District Court Judge

    Defendant.

_____/

## OPINION & ORDER
## DENYING TWO MOTIONS FILED BY PLAINTIFF
## AND DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION
## OVER ANY STATE-LAW CLAIMS

This civil action was filed on July 26, 2021. The matter is currently before the Court on Plaintiff's "Motion To Strike Answer and to Enter Default" (ECF No. 10) and Plaintiff's "Motion For Default Judgment." (ECF No. 11). The parties have briefed the issues. The Court concludes that a hearing is not necessary and will rule based upon the briefs. For the reasons set forth below, the Court shall deny both of Plaintiff's motions. In addition, the Court declines to exercise supplemental jurisdiction over any state-law claims in this action and dismisses all state-law claims without prejudice.

### BACKGROUND

On July 26, 2021, acting *pro se*, Plaintiff Nathaniel J. Hudson ("Plaintiff") filed this civil action against Defendants City of Allen Park ("the City") and Nickolas Darin ("Darin") (collectively "Defendants").

This Court has federal-question jurisdiction over this action by virtue of Plaintiff

1

asserting federal claims under 42 U.S.C. § 1983. But Plaintiff's complaint also appears to assert several state-law claims against Defendants (such as intentional infliction of emotional distress, a malpractice claim under Mich. Comp. Laws § 600.5838, and false imprisonment and malicious prosecution claims under Michigan statutes).

The docket reflects that summonses were provided to Plaintiff on August 9, 2021. Plaintiff filed a Certificate of Service on August 19, 2021, asserting that he served Defendants on August 18, 2021. (*See* ECF No. 3).

On August 30, 2021, counsel for the City and Darin filed an appearance in this action, along with "Defendants' Answer To Plaintiff's Complaint, Notice of Special and/or Affirmative Defenses And Demand For Jury Trial." (ECF Nos. 4 & 5).

This Court issued the Scheduling Order in this case on August 31, 2021.

On September 21, 2021, Plaintiff filed: 1) a "Motion To Strike Answer and to Enter Default" (ECF No. 10); and 2) a "Motion For Default Judgment." (ECF No. 11). Thereafter, the parties briefed the motions.

## ANALYSIS

### I.     Plaintiff's "Motion To Strike Answer And To Enter Default"

On September 21, 2021, Plaintiff filed a "Motion to Strike Answer and to Enter Default."[1] In this motion, Plaintiff appears to ask the Court to: 1) strike Defendants's Answer to the Complaint under Fed. R. Civ. P. 12(f); 2) strike all of Defendants' stated defenses; and 3)

---

[1] The Court notes that Plaintiff filed a "Statement of Material Facts Not in Dispute" in connection with his motions, and Defendants responded. Such statements, however, are only required by this Court for summary judgment motions. Such statements are not necessary or appropriate for the pending motions.

enter default in Plaintiff's favor. This motion is denied for lack of merit.

Under Fed. R. Civ. P. 12(f), "[t]he may court strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." It is well established, however, that the striking of a pleading "is a drastic remedy to be resorted to only when required for the purposes of justice." *Brown v. Williamson Tobacco Corp. v. U.S.*, 201 F.2d 819, 822 (6th Cir. 1953); *see also Anderson v. U.S.*, 39 F. App'x 132, 135 (6th Cir. 2002). This drastic remedy should only be resorted to when the pleading to be stricken has "no possible relation to the controversy." *Id.*

"Defendants' Answer To Plaintiff's Complaint, Notice Of Special And/Or Affirmative Defenses" was timely filed on August 30, 2021.

Plaintiff appears to take issue with the fact that Defendants' answer to a number of paragraphs of Plaintiff's complaint was "Defendants neither admit nor deny the allegations therein contained for the reason that Defendants are without sufficient information or knowledge upon which to form a belief" and/or that Defendants did not submit evidence along with their answer. (*See* Pl.'s Br. at 2 & 10, stating "Defendants pled forty-five time that they 'neither admit nor deny the allegations . . . " and that "[i]n the answer to his complaint, Plaintiff would have liked to see a response on the merits, being supported with an affidavit, the record, or other sufficient evidence.").

Defendants were not required to submit evidence along with their answer to Plaintiff's complaint and Defendants answered the various paragraphs as allowed by Rule 8 of the Federal Rules of Civil Procedure.

There is also no proper basis to strike Defendants' stated defenses.

As the authority cited in Plaintiff's own brief reflects, "'An affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense.' 5 Wright & Miller, Federal Practice and Procedure § 1274." *Lawrence v. Chabor*, 182 F. App'x 442, 456 (6th Cir. 2006). In *Lawrence,* the Sixth Circuit held that a "bare one-liner" was sufficient to give the plaintiff notice of the legal basis of their defense.

In answering Plaintiff's *pro se* complaint in this action, Defendants stated a number of defenses. Those defenses, while general, give fair notice and should not be stricken. That is especially so here, where Defendants were responding to a *pro se* complaint that appears to assert a number of different federal and state-law claims.

Because Defendants' filed a timely Answer to Plaintiff's complaint, and this Court is denying Plaintiff's motion to strike the Answer and Defendants' defenses, there is no basis to enter a default in favor of Plaintiff. Thus, Plaintiff's request for entry of a default is denied as well.

**II.     Plaintiff's Motion For Default Judgment**

On September 21, 2021, the same date he filed his Motion to Strike Answer and to Enter Default, Plaintiff also filed a Motion for Default Judgment.

The Court concludes that entry of a default judgment is not warranted under the circumstances presented here and denies this motion.

Obtaining a default judgment under Rule 55 of the Federal Rules of Civil Procedures is a two-step process. Under Fed. R. Civ. P. 55(b), a judgment by default may be entered against a defendant who has failed to plead or otherwise defendant against an action. But in order to

obtain a judgment by default, the proponent *must first* request and obtain a clerk's entry of default pursuant to subsection (a).  Fed. R. Civ. P. 55(a); *see also Shepard Claim Service, Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986) (Explaining that "entry of default is just the first procedural step on the road to obtaining a default judgment.").  After a default has been obtained, the proponent may then move for a default judgment by the clerk (if the plaintiff's claim is for a sum certain) or by the court (in cases where the claim is not for a sum certain).  Fed. R. Civ. P. 55(b).

Here, Plaintiff requested an entry of default in his September 21, 2021 motion that also sought to strike Defendants' Answer.  On that same date – without having obtained Clerk's Entry of Default – Plaintiff filed the instant motion wherein he requests entry of default judgment.  Thus, it was procedurally improper for Plaintiff to move for entry of default judgment without first obtaining an entry of default from the clerk." *Devlin v. Kalm*, 493 F. App'x 678, 685 (6th Cir. 2012).

Moreover, as explained above, Defendants filed a timely answer to Plaintiff's Complaint.  Thus, any request for a Clerk's Entry of Default would have been denied.

## III.    Supplemental Jurisdiction Over State-Law Claims

This action is in federal court based upon federal-question jurisdiction over Plaintiff's § 1983 claims.  But Plaintiff's Complaint also appears to assert state-law claims against Defendants and this Court has the discretion to exercise supplemental jurisdiction over those claims.

Supplemental jurisdiction is a "'doctrine of discretion." *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 173 (1997) (quoting *United Mine Workers of America v.*

*Gibbs*, 383 U.S. 715, 726 (1966)). "[D]istrict courts can decline to exercise supplemental jurisdiction over pendant claims for a number of valid reasons." *City of Chicago, supra.*

The supplemental jurisdiction statute, 28 U.S.C. § 1367, provides that district courts may decline to exercise supplemental jurisdiction over a claim when: 1) the claim raises a novel or complex issue of state law; 2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; 3) the district court has dismissed all claims over which it has original jurisdiction, or 4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

A district court's decision as to whether to exercise supplemental jurisdiction over a plaintiff's state-law claims is reviewed for abuse of discretion. *Soliday v. Miami Cnty.*, Ohio, 55 F.3d 1158, 1164 (6th Cir. 1995).

The Court concludes that Plaintiffs' state-law claims would predominate over the federal claims asserted in this action. The state-law claims could also raise novel and complex issues of state law. Accordingly, this Court declines to exercise supplemental jurisdiction over any state-law claims in this action and dismisses any state-law claims asserted in this action without prejudice.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Plaintiff's motions are DENIED.

IT IS FURTHER ORDERED that this Court declines to exercise supplemental jurisdiction over any state-law claims in this action and DISMISSES WITHOUT PREJUDICE all state-law claims asserted in this action.

IT IS SO ORDERED.

                                                          s/Sean F. Cox
                                                          Sean F. Cox
                                                          United States District Judge

Dated: October 13, 2021