UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Nathaniel J. Hudson,

    Plaintiff,

v.

                                       Civil Case No. 21-11732

City of Allen Park, *et al.*,                Sean F. Cox
                                                       United States District Court Judge

    Defendant.
_____/

## **OPINION & ORDER**

        Acting *pro se*, Plaintiff Nathaniel J. Hudson filed this action against Defendants, asserting both state and federal claims. This Court declined to exercise supplemental jurisdiction over all state-law claims and dismissed those claims without prejudice. The matter is currently before the Court on a summary judgment motion filed by Defendants, the City of Allen Park and Nickolas Darin, and on a motion filed by Plaintiff seeking leave to file an amended complaint in order to add two additional Defendants. The Court concludes that a hearing is not necessary and the Court will rule based upon the briefs. For the reasons set forth below, the Court denies Plaintiff's request to file an amended complaint and grants Defendants' summary judgment motion.

### BACKGROUND

**A.    Procedural Background**

        On July 26, 2021, Plaintiff Nathaniel J. Hudson ("Plaintiff") filed this civil action against two Defendants: 1) the City of Allen Park; and 2) Nikolas Darin ("Darin"). The case was filed

in federal court based upon federal-question jurisdiction over his claims brought under § 1983 but Plaintiff also asserted state-law claims such as a malpractice claim, a claim for intentional infliction of emotional distress, and a false imprisonment claim.

Defendants filed their Answer and Affirmative Defenses on August 30, 2021.

On August 31, 2021, this Court issued the Scheduling Order in this action (ECF No. 7) that ordered , among other things, that the deadline for filing an amended complaint in this case was September 28, 2021.

On September 21, 2021, Plaintiff filed motions asking this Court to strike Defendants' Answer and enter default judgment in his favor. (ECF Nos. 10 & 11).  After briefing by the parties, this Court denied both motions for lack of merit in an Opinion and Order issued on October 13, 2021.  This Court's Opinion and Order also declined to exercise supplemental jurisdiction over any state-law claims in this case and dismissed all state-law claims asserted without prejudice.  (ECF No. 24).

Meanwhile, on October 12, 2021, Defendants filed a Motion for Summary Judgment (ECF No. 22), along with Defendants' Statement of Material Facts Not in Dispute.  (ECF No. 23).

Two days later, and without having sought leave from this Court to do so, and after the deadline for filing an amended complaint, Plaintiff filed an Amended Complaint on October 14, 2021.  (ECF No. 25).  That prompted Defendants to file a Motion to Strike the Amended Complaint on October 18, 2021.

Shortly thereafter, on October 25, 2021, Plaintiff filed a submission titled, "Plaintiff's Concurrence in Defendant's Motion to strike and Request for Leave to Amend Complaint."

(ECF No. 28). In it, Plaintiff agrees that the Amended Complaint he filed without seeking leave to do so should be stricken. As such, the Court will strike the Amended Complaint filed as ECF No. 25. This Court also construes this same submission as a motion seeking leave to file an amended complaint. In violation of Rule 15.1 of the Local Rules of the United States District Court for the Eastern District of Michigan, Plaintiff did not attach a copy of his proposed amended complaint to the motion. But his motion reflects that he wishes to add the City of Melvindale and the 24th District Court as Defendants. (ECF No. 28 at PageID.317).

Defendants also construed Plaintiff's October 25, 2021 submission as a motion seeking leave to file an amended complaint and filed a brief in opposition to that motion on November 3, 2021.

Because Plaintiff failed to file a response brief in opposition to Defendants' summary judgment motion within the time permitted by the local rules, this Court issued an order that highlighted Plaintiff's failure to file a response brief and allowed him to file one by November 15, 2021. Thereafter, Plaintiff filed a response to the summary judgment motion. (ECF No 37). Plaintiff did not attach any exhibits to his summary judgment response.

**B.    Factual Background**

This Court's practice guidelines are included in the Scheduling Order and provide, consistent with Fed. R. Civ. P. 56 (c) and (e), that:

> a. The moving party's papers shall include a separate document entitled Statement of Material Facts Not in Dispute. The statement shall list in separately numbered paragraphs concise statements of each undisputed material fact, supported by appropriate citations to the record. . .
>
> b. In response, the opposing party shall file a separate document entitled Counter-Statement of Disputed Facts. The counter-statement shall list in separately numbered paragraphs following the order of the movant's statement,

>    whether each of the facts asserted by the moving party is admitted or denied and shall also be supported by appropriate citations to the record.  The Counter-Statement shall also include, in a separate section, a list of each issue of material fact as to which it is contended there is a genuine issue for trial.
>
>    c.  All material facts as set forth in the Statement of Material Facts Not in Dispute shall be deemed admitted unless controverted in the Counter-Statement of Disputed Facts.

(Scheduling Order at 2-3).

Defendants complied with the Court's practice guidelines for summary judgment motions such that their motion includes a "Statement of Material Facts Not In Dispute" ("Defs.' Stmt.").

After the Court issued its Show Cause Order, Plaintiff filed a "Statement of Material Facts Not In Dispute" (ECF No. 39) that did not dispute any of the paragraphs in Defendants' Statement but directed the Court to portions of Darin's Affidavit, that had been submitted by Defendants.  Thus, in opposition to Defendants' summary judgment motion, Plaintiff did not submit any additional evidence.

Plaintiff's Complaint, and the evidence submitted by Defendants in support of their summary judgment motion, reflect the following.

On February 22, 2020, a Police Officer with the Melvindale Police Department wrote Plaintiff a citation for impeding traffic.  (Compl. at ¶ 20; ECF No. 20-1 at Page ID.229).  The citation noted that the matter would be handled in the 24th District Court, in Allen Park, Michigan.  (*Id*.).

Defendant Darin served as a criminal defense attorney at the 24th District Court at that time.  (*See* Darin Affidavit, ECF No. 23-1, at PageID.284).  These events also occurred during the ongoing novel coronavirus "COVID-19" pandemic.

"During the pandemic, the city prosecutor would review all of the court's files in advance

of each of the defendants' respective hearing dates and write up proposed plea agreements." (Darin Affidavit at ¶ 3). Darin "would then conduct a thorough review of all of the files," "which typically included an analysis of the police report, the defendant's driving record, and any other evidence in the file." (Darin Affidavit at ¶ 4). If Darin "felt that the proposed plea agreement was a good deal for the defendant, then [he] would complete a 'Plea By Mail' form and send it to the defendant." (*Id*. at ¶ 5).

As to Plaintiff's citation, the extent of Darin's involvement "was reviewing Plaintiff's file and the proposed plea agreement, and sending Plaintiff a 'Plea By Mail' form." (*Id*.). A copy of the Plea By Mail Form, along with a letter from Darin, were sent to Plaintiff on May 19, 2020. (ECF No. 16 at PageID.172-74). Darin's letter to Plaintiff stated, in pertinent part:

> I have been appointed by the 24th District Court as your defense attorney and I am contacting you regarding the above referenced case. I have reviewed your case with the city prosecutor and below is an offer that he has presented.
> If you would like to accept the offer, you MUST sign the enclosed Advice of Rights and Plea by Mail forms and return them to the court within 10 days. You will not have to appear in court if you accept this plea agreement.
> You may also decline the offer and appear in court for a pretrial. Please call the court at 313.928.0535 ext. 225 if you decline officer to schedule your pretrial date.

(*Id*. at PageID.172). The offer Plaintiff was given in the "Plea By Mail" sent to him was a fine of $160.00 with "zero points." (*Id*. at PageID.173)

Plaintiff did not sign and return the Plea by Mail form and the 24th District Court sent Plaintiff a notice to appear for an informal hearing on August 11, 2020 before Judge John T. Courtright. (ECF No. 23-2). That notice did not list any attorney for Plaintiff. (*Id*.).

Prior to the August 11th hearing, the prosecuting attorney for the City of Melvindale drafted a proposed Plea Agreement, offering Plaintiff a reduced fine of $100.00 if he pled

5

responsible to impeding traffic.  (ECF No. 23-3).

The transcript of the August 11th hearing reflects that Plaintiff appeared in pro per for the hearing, that Roger Kaly appeared on behalf of the City of Melvindale, and that no other attorneys appeared at the hearing.  (ECF No. 16).  Lauren S. McDermott recorded and transcribed the hearing.  (*Id.*).  The transcript reflects that, during the very brief hearing, Plaintiff declined the offer made by the prosecutor and asked for a hearing:

> THE COURT: Mr. Hudson, you're speaking with Judge Courtright.  Before the Court you were offered a guilty plea to Impeding Traffic.  Normally, it's $160.  The prosecutor reduced it to $100.  Did you wanna accept that plea or you wanna have a hearing?
>
> THE DEFENDANT: No. I wanted a hearing. I requested a – I tried to request a formal hearing but I was told I couldn't get formal hearing that I would do the informal hearing.  So, I don't know.
>
> THE COURT: Okay.  We'll send you notice with the court date.
>
> THE DEFENDANT: Okay.  All right.  Thank you.
>
> THE COURT: Have a nice day.
>
> THE DEFENDANT: Appreciate it.  You too.

(*Id*. at PageID.178).  Thus, the record reflects that Darin did not appear at the August 11, 2020 hearing.  (*Id*.).  And the evidence reflects that Darin "did not accept a plea on Plaintiff's behalf on August 11, 2020."  (Darin Affidavit at ¶ 7).

Lauren McDermott is the Judicial Secretary/Court Recorder to Judge John T. Courtright at the 24th District Court.  (ECF No. 20-1, McDermott Affidavit).  McDermott was the Court Recorder for Plaintiff's August 11th informal hearing.  Her affidavit explains:

> 4.      Typically, a court officer stands between myself and Judge Courtright during court proceedings.

5. Before a case is called, I hand the file, including the citation and the Traffic Register of Actions/Actions & Case Notes, to the court officer and the court officer hands the file to Judge Courtright. (See Exhibit B – Actions & Case Notes).

6. Judge Courtright then goes on the record and calls the case.

7. Upon completion of a proceeding, the court officer makes any necessary notations and/or changes in the "Findings" section under the Traffic Register of Actions. (Exhibit B).

8. The court officer then hands the file back to me.

9. I note what occurred at the proceeding and what actions need to be taken under "Actions and Case Notes" and send it to the court clerk for processing. (Exhibit B).

10. On August 11, 2020, the court officer did not cross out the "X" next to "Responsible" in the "Findings" section of the Traffic Register of Actions before he handed the file back to me. (Exhibit B).

11. I noted in the Actions and Case Notes that Mr. Hudson rejected the plea and requested that a Notice to Appear be issued for September 29, 2020 at 9:00 a.m. for a formal hearing. (Exhibit B).

12. I did not notice that the court officer failed to cross out/white out the "X" next to "Responsible" when I sent Mr. Hudson's file to the court clerk for processing.

(*Id.*).

Kristina Berry is a court clerk at the 24th District Court. She is the court clerk that processed Plaintiff's ticket after the hearing and her affidavit states:

1. I make this Affidavit on personal knowledge.

2. I am a court clerk at the 24th District Court.

3. I processed Nathaniel Hudson's ticket after his Informal Hearing on August 11, 2020. (See Exhibit A – Register of Actions).

4. Pursuant to normal protocol, if there is an "X" next to "Responsible" under the "Findings" Section in the handwritten Actions & Case Notes,

      and that "X" is not crossed out, I will process the ticket as "found responsible at hearing". (See Exhibit B – Actions & Case Notes).

5.     If the "X" next to "Responsible" is crossed out, I will then refer to the case notes from the last court appearance and process the ticket accordingly. (Exhibit B)

6.     For this specific matter, I processed Mr. Hudson's ticket as "found responsible at hearing," and assessed fines and costs of $100.00 as noted in the "Total" section. (Exhibit A); (Exhibit B).

7.     I did not look at the Case Notes when I processed Mr. Hudson's ticket because nothing was crossed out under the "Findings" section in the Register of Actions; therefore, I did not see the note from August 11, 2020 which indicated that a Notice to Appear was to be issued for a formal hearing. (Exhibit B).

(ECF No. 20-2).

Due to the above error by the court officer following the informal hearing on August 11th, a notice for a formal hearing was not sent to Plaintiff from the 24th District Court. It does not appear that Plaintiff contacted the court when he failed to receive a notice of hearing, as Judge Courtright had said would be issued. (Defs.' Stmt. at ¶ 22).

Due to the above error, a default judgment was eventually entered against Plaintiff in the 24th District Court and his driver's license was suspended on February 22, 2021, for failing to pay the fine assessed in connection with the ticket. (ECF No. 16 at PageID.187).

On May 10, 2021, Plaintiff was driving his car, working as a "door dash delivery driver." (Compl. at ¶ 1). Plaintiff was pulled over by a police officer with the Farmington Hills Police Department, due to his vehicle having "an out headlamp." (ECF No. 16 at PageID.190-93; Compl. at ¶ 1). Upon running Plaintiff's information, that officer learned that Plaintiff's drivers license was suspended. Plaintiff was not arrested or handcuffed. But Plaintiff was informed that he would have to call someone to escort him and his car home. (*Id.*; Compl. at ¶¶ 18-19). A

friend then came to drive Plaintiff's car and Plaintiff was released at the scene. (*Id*.).

After learning that Plaintiff failed to get the hearing notice, the case relating to his citation in the 24th District Court was dismissed on June 29, 2021. (ECF No. 16 at PageID.195-198). Plaintiff filed this action the next month.

**Standard Of Decision**

Summary judgment will be granted where no genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248; 106 S. Ct. 2505; 91 L.Ed.2d 202 (1986). No genuine issue of material fact exists where "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elect. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587; 106 S. Ct. 1348; 89 L.Ed.2d 538 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

The Court "must view the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the non-moving party." *Skousen v. Brighton High Sch.*, 305 F.3d 520, 526 (6th Cir. 2002). "The court's duty to view the facts in the light most favorable to the nonmovant does not require or permit the court to accept mere allegations that are not supported by factual evidence." *Chappell v. City of Cleveland*, 585 F.3d 901, 906 (6th Cir. 2009). "This is so because the nonmovant, in response to a properly made and supported motion for summary judgment, cannot rely merely on allegations but must set out specific facts showing a genuine issue for trial." *Id.*

## ANALYSIS

**I.**     **Defendants' Motion For Summary Judgment**

Defendants' summary judgment motion seeks summary judgment in Defendants' favor as to all claims that were asserted against them in this action.

This action is in federal court based upon federal-question jurisdiction. Plaintiff's complaint names two defendants, Darin and the City of Allen Park. For the most part, Plaintiff's *pro se* Complaint, filed on July 26, 2021, asserted state-law claims against Defendants, such as attorney malpractice under Mich. Comp. Laws § 600.5838 and 600.5838b, intentional infliction of emotional distress, malicious prosecution under Mich. Comp. Laws § 600.2907, and violating Michigan's "False Imprisonment statute," Mich. Comp. Laws § 750.34b.

Defendants filed their summary judgment motion before this Court declined to exercise supplemental jurisdiction over Plaintiff's state-law claims and dismissed them all without prejudice. As such, their motion includes challenges to the state-law claims. Those challenges are now moot. Thus, the Court need only consider the motion with respect to Plaintiff's *federal claims*.

As best as this Court can discern from Plaintiff's Complaint, Plaintiff is seeking to assert civil conspiracy and procedural due process claims against Darin, and perhaps Judge Courtright, pursuant to 42 U.S.C. § 1983. Plaintiff is also seeking to hold the City of Allen Park liable for those alleged constitutional violations under *Monell*.

To prevail on a claim brought under 42 U.S.C. § 1983, a plaintiff must prove: 1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of law. *Robertson v. Lucas*, 753

F.3d 606, 614 (6th Cir. 2014).

"A plaintiff raising a municipal liability claim under § 1983 must demonstrate that the alleged federal violation occurred because of a municipal policy or custom." *Burgess v. Fisher*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

### A. Claims Against Judge Courtright

Unsure as to what claims Plaintiff is attempting to assert in this case, Defendants' motion asserts that, to the extent that Plaintiff is asserting claims against Judge Courtright, those claims must be dismissed because Judge Courtright is entitled to absolute judicial immunity.

This Court finds that Plaintiff's Complaint fails to state a viable federal claim against Judge Courtright, for several reasons.

For starters, Plaintiff did not name Judge Courtright as a Defendant when he filed his Complaint. And Plaintiff has not sought to add Judge Courtright as a Defendant in his proposed amended complaint.

Moreover, even if he had, Judge Courtright would be entitled to absolute judicial immunity with respect to the allegations in Plaintiff's Complaint. *See* Mich. Comp. Laws § 691.1407(5) (providing that "A judge, a legislator, and the elective or highest appointive executive official of all levels of government are immune from tort liability for injuries to persons or damages to property if he or she is acting within the scope of his or her judicial, legislative, or executive authority.'); *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) ("It is well established that judges are entitled to absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the

11

complete absence of any jurisdiction.").

### B. Federal False Arrest Claim Based On May 10, 2021 Arrest

In his response brief, Plaintiff describes the "gist" of his federal claim in this case as "Plaintiff suffered a deprivation of his liberty whereby due to the *unconstitutional arrest*, he was not able to drive and therefore work." (ECF No. 37 at PageID.376) (emphasis added). Thus, Plaintiff's brief suggests that he wishes to pursue a false arrest claim, under § 1983, based upon his arrest on May 10, 2021. (*Id*. at PageID.375) ("Plaintiff maintains claims in this federal district that he was arrested and prosecuted absent probable cause. The arresting incident occurred on the night of May 10, 2021, whereby Plaintiff was pulled over in Farmington Hills for a routine traffic stop.").

The undisputed evidence shows that Plaintiff's traffic stop on May 10, 2021 was a traffic stop made by a police officer with the Farmington Hills Police Department and that officer is not a party to this action. And more importantly, the undisputed evidence presented to this Court shows that Plaintiff *was not arrested* after that traffic stop on May 10, 2021. Thus, Plaintiff cannot maintain a federal false arrest claim against either Defendant Darin or the City of Allen Park (or the Farmington Hills police officer who stopped him on May 10, 2021, for that matter).

### C. Remaining Claims Against Darin

In response to Defendants' summary judgment motion, Plaintiff states that, given that his state-law claims have been dismissed, "any claims against Defendant Darin are now speculative and more readily perceivable, if Plaintiff wanted to proceed against Mr. Darin would be under state legal malpractice law." (ECF No. 37 at PageID.375). Thus, he appears to have abandoned his federal claims against Defendant Darin.

To the extent that he has not abandoned his § 1983 claims against Darin, the Court concludes that those claims fail. If Darin is deemed to not be a "state actor," then Plaintiff cannot maintain any § 1983 claims against him.

And to the extent that Darin is deemed to be a "state actor" for purposes of § 1983, the Court concludes that Darin is entitled to qualified immunity as to all federal claims asserted against him in this action.

Under the doctrine of qualified immunity, government officials performing discretionary functions generally are shielded from liability from civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Id.; Phillips v. Roane County*, 534 F.3d 531, 538 (6th Cir. 2008). Determining whether government officials are entitled to qualified immunity generally requires two inquiries: 1) whether, viewing the facts in the light most favorable to the plaintiff, the plaintiff has shown that a constitutional violation occurred; and 2) whether the right was clearly established at the time of the violation. *Dominguez*, 555 F.3d at 549.

"[A] qualified immunity defense can be raised at various stages of the litigation" including at the pleading stage in a motion to dismiss, in a motion for summary judgment, or as an affirmative defense at trial. *English v. Duke*, 23 F.3d 1086, 1089 (6th Cir. 1994).

"Once the qualified immunity defense is raised, the burden is on the plaintiff to demonstrate that the officials are not entitled to qualified immunity." *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir. 2006).

It is well established that "damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate

13

what *each* defendant did that violated the asserted constitutional right." *Lanman,* 529 F.3d at 684; *Terrance,* 286 F.3d at 842.

The first step in the qualified immunity analysis is to consider whether, viewing the evidence in the light most favorable to Plaintiff, could Plaintiff establish a Constitutional violation with respect to Darin. If so, the Court also considers if that right was clearly established.

Here, however, the Court need not proceed past the first step of the qualified immunity analysis.

To the extent that Plaintiff alleges that Darin violated his constitutional rights by engaging in a civil conspiracy with Judge Courtright, that claim fails. Defendants have submitted evidence setting forth the limited role that Darin had in relation to Plaintiff's citation. In response to Defendants' properly-supported summary judgment motion, Plaintiff has not presented any evidence in support of a civil conspiracy claim.

And the Court agrees with Defendants that, to the extent Plaintiff seeks to assert a procedural due process claim against Darin, such a claim is not cognizable against Darin, who has no duty to provide Plaintiff with an opportunity to be heard by way of a judicial hearing.

D. **Claim Against The City Of Allen Park**

Defendants' motion also seeks summary judgment as to the claims asserted against the City of Allen Park. Plaintiff appears to seek to hold the City of Allen Park liable, under *Monell,* for the alleged conduct by Darin, Judge Courtright, and others, by virtue of the City and the district court having had a policy of finding defendants in civil infraction causes "responsible" prior to any hearing. (*See* Pl.'s Br. at 2). Plaintiff contends that the Affidavits of Berry and

14

McDermott, that were submitted by Defendants, constitute evidence that the alleged policy exists.

The Court disagrees. Those affidavits reflect that the court officer who assisted Judge Courtright with Plaintiff's informal hearing on August 11th, made a case-specific mistake. They do not support Plaintiff's allegation that the City or the district court had a had a policy of finding defendants in civil infraction causes "responsible" prior to any hearing having been held.

Plaintiff has not submitted any evidence to show that the alleged policy exists. As such, Plaintiff's *Monell* claim against the City fails.

## II.     Plaintiff's Motion For Leave To File An Amended Complaint

The Court notes that Plaintiff has requested leave to file an amended complaint, in order to add the City of Melvindale and the 24th District Court, as Defendants.

Rule 15 of the Federal Rules of Civil Procedure governs the filing of amended complaints and provides that, at this stage of the litigation, Plaintiff may amend his complaint only with the opposing party's written consent or this Court's leave. FED. R. CIV. P. 15(a). Plaintiff does not have the consent of Defendants to amend his complaint, so he must obtain leave of this Court in order to file his proposed amended complaint.

The decision as to whether justice requires the amendment is committed to the district court's sound discretion. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330 (1971). Abuse of that discretion occurs when a district court fails to state the basis for its denial or fails to consider the competing interests of the parties and likelihood of prejudice to the opponent. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Reasons that warrant denying a motion for leave to amend include "undue delay, bad

faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Id.* at 182.

Here, Plaintiff sought leave to file an amended complaint in this action several months after the action was filed, and only after the existing Defendants had filed a summary judgment motion. Plaintiff has not provided any reason why he did not seek leave to file an amended complaint by the deadline imposed by this Court for filing an amended complaint.[1] Thus, the motion is untimely.

Plaintiff's motion seeking to leave to file an amended complaint is also denied based on futility. Neither Plaintiff's original complaint, nor any of the allegations that Plaintiff seeks to add to his proposed amended complaint, include factual allegations as to the City of Melvindale. As such, Plaintiff's proposed amended complaint would fail to state any viable federal claim against the City of Melvindale.

Defendants contend that adding the 24th District Court as a defendant in this case would be futile because the undisputed evidence in this case reflects that the default judgment was entered against Plaintiff due to a clerical error, and evidence of an isolated incident is insufficient to establish *Monell* liability. (Defs.' Br. at 5). Defendants also persuasively argue that assuming *arguendo* that the 24th District Court "appointed Defendant Darin as Plaintiff's counsel without permission, th[at] was not the 'moving force' behind Plaintiff's alleged

---

[1] Even a *pro se* litigant is required to follow basic procedural rules and to comply with court-imposed deadlines. *See, e.g., Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Thus, where a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented party. *Id.*; *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

16

constitutional deprivations." (*Id*. at 5-6). This Court agrees.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that the Amended Complaint Plaintiff filed on October 14, 2021 (ECF No. 25), without having sought leave to amend, is STRICKEN from the docket.

IT IS FURTHER ORDERED that Plaintiff's Motion to Amend (ECF No. 28) is DENIED based on futility of the requested amendments.

IT IS FURTHER ORDERED that, for the reasons above, Defendants' Motion for Summary Judgment is GRANTED and this action is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: December 21, 2021